|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>Counsellors at Law<br>6 Campus Drive, Suite 304<br>Parsippany, New Jersey 07054<br>(973) 538-9300<br>Attorneys for Secured Creditor<br>PNC Bank, National Association<br>PETER A. LAWRENCE, ESQ.<br>PN405<br>bankruptcy@fskslaw.com |  |
| In Re:<br><br>JOSE A. GALVAO<br><br> Debtor(s). | Case No.: 24-15533-RG<br><br>Adv. No.:<br><br>Chapter:   13<br><br>Hearing Date: AUGUST 7, 2024<br><br>Judge: ROSEMARY GAMBARDELLA<br><br>**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION TO CONFIRMATION OF DEBTOR'S PLAN** |

I, PETER A. LAWRENCE, ESQ., do hereby certify as follows:

1.   I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for **PNC Bank, National Association**, ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2.   Secured Creditor objects to confirmation of Debtor's Chapter 13 Plan for the reasons which follow:

(a) On June 1, 2021 Debtor and Co-Borrower, Maria Castro Galvao executed a loan agreement with Creditor in

      the amount of $50,835.00 with a monthly payment of $1,119.63.

(b) As of the date of this objection, the estimated payoff of Debtor's loan is $14,340.81. Debtor's proposed Plan does not provide for post-petition payment of $1,119.63 to the Secured Creditor. Furthermore, Debtor's proposed plan claims the value of Debtor's vehicle is $0.00. Debtor's plan insufficient in that it fails to include payments to Secured Creditor. Also, Debtor's plan should provide proof of insurance. Absent a modification by the Debtor to include payments, proof of insurance, and an accurate valuation of the vehicle, this plan cannot be confirmed.

(c) Part 7.b. proposes to avoid the lien under 11 U.S.C. 522(f) and reclassify the claim from secured to completely unsecured. However, there has not been a showing of sufficient evidence that the claim overvalues a creditor's secured claim because the collateral is of insufficient value. Debtor claims the value of the collateral as $0.00 and provides no reason to evidence to show why this collateral has no value. The secured claim is protected by the antimodification provision of the Bankruptcy Code. 11 U.S.C. 1322.

(d) A "burden-shifting framework" controls valuations of collateral under 11 U.S.C. 506(a). Under this approach, the initial burden is on the party challenging a secured claim's value. If the movant presents sufficient evidence that the proof of claim overvalues a creditor's secured claim (because the collateral is of insufficient value), then the burden shifts to the creditor. See *In re Heritage Highgate, Inc.*, 679 F.3d 132 (3rd Cir. 2012).

(e) Secured Creditor has the right to preserve the interest rate under the terms of the note and mortgage. It should not be forced to accept high-risk terms when the current rate was contracted to and therefore, a bargained-for exchange between the Debtor(s) and Secured Creditor. *Till v. SCS Credit Corp.* provides guidance as to the "appropriate interest rate." 541 U.S. 465 (2004).

(f) Furthermore, Secured Creditor objects to Debtor's confirmation in that if the Debtor is post-petition delinquent at confirmation and Debtor's case is dismissed, then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor. Absent the release of such excess

    funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor has enjoyed the benefit of the automatic stay to the detriment of Secured Creditor. Absent such language in the Order of Confirmation.

  3. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtor's plan and confirmation thereof.

  I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

           **FEIN, SUCH, KAHN & SHEPARD, P.C.**
           Attorneys for PNC Bank, National Association


           By:/S/PETER A. LAWRENCE, ESQ.
DATED: July 23, 2024

cc: SCOTT E. TANNE - DEBTOR(S)' ATTORNEY
   MARIE-ANN GREENBERG - TRUSTEE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| IN RE:<br><br>JOSE A. GALVAO<br><br>Debtor(s) | Case No.: 24-15533-RG<br>Honorable Rosemary Gambardella<br>Chapter: 13 |
|---|---|

**CERTIFICATE OF SERVICE OF**
**OBJECTION TO CONFIRMATION OF PLAN**

I, the undersigned, hereby verify that on *July 23, 2024*, a true and correct copy of the Objection to Confirmation of Plan was electronically served upon the following using the Court's CM/ECF system:

Debtor's Attorney: SCOTT E. TANNE, ESQ.
Trustee: MARIE-ANN GREENBERG
OFFICE OF THE U.S. TRUSTEE

Further, I certify that, on *July 23, 2024*, a true and correct copy of the Objection to Confirmation of Plan was forwarded via U.S. Mail, first class postage prepaid and properly addressed, to the following at the address shown below:

***Debtor(s):***

JOSE A. GALVAO
15 RIDGE LANE
BLAIRSTOWN, NJ 07825

***Debtor's Attorney:***

SCOTT E. TANNE
SCOTT E. TANNE, ESQ.
70 BLOOMFIELD AVE.
SUITE 203
PINE BROOK, NJ 07058

***U.S. TRUSTEE:***

U.S. TRUSTEE
US DEPT OF JUSTICE
OFFICE OF THE US TRUSTEE
ONE NEWARK CENTER STE 2100
NEWARK, NJ 07102

By:<u>*/s/Ruth Essington*</u>
Paralegal
PNC BANK, NATIONAL ASSOCIATION
FEIN, SUCH, KAHN & SHEPARD, P.C.
6 CAMPUS DRIVE, SUITE 304
PARSIPPANY, NEW JERSEY 07054
973-538-4700