zUNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Counsellors at Law
6 Campus Drive, Suite 304
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
PNC Bank, National Association
PETER A. LAWRENCE, ESQ.
PN405
bankruptcy@fskslaw.com

| | |
|---|---|
| In Re:<br><br>JOSE A. GALVAO<br><br> Debtor(s). | Case No.: 24-15533-RG<br><br>Adv. No.:<br><br>Chapter:   13<br><br>Hearing Date: SEPTEMBER 18, 2024<br><br>Judge: ROSEMARY GAMBARDELLA<br><br>**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION TO CONFIRMATION OF DEBTOR'S SECOND MODIFIED PLAN** |

I, PETER A. LAWRENCE, ESQ., do hereby certify as follows:

1.   I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for **PNC Bank, National Association**, ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2.   Secured Creditor objects to confirmation of Debtor's Chapter 13 Plan for the reasons which follow:

   (a) On June 1, 2021 Debtor and Co-Borrower, Maria Castro Galvao executed a loan agreement with Creditor in

   the amount of $50,835.00 with a monthly payment of $1,119.63.

(b) As of the date of this objection, the estimated payoff of Debtor's loan is $14,340.81. Debtor's proposed Plan does not provide for post-petition payment of $1,119.63 to the Secured Creditor. Furthermore, Debtor's modified plan insufficient in that it fails to include payments or provide treatment for Secured Creditor's loan. Also, Debtor's plan should provide proof of insurance. Absent a modification by the Debtor to include payments and proof of insurance, this plan cannot be confirmed.

(c) The Plan fails to propose full regular monthly loan payments. Payments are subject to change in accordance with the terms of the underlying note and mortgage as well as applicable federal, state and bankruptcy law. Secured Creditor objects as the failure to maintain full regular monthly loan payments is prejudicial and does not adequately protect Secured Creditor.

(d) 11 U.S.C. 1325(a)(3) requires the Plan be proposed in good faith. 11 U.S.C. 1325(a)(6) states that a plan can be confirmed if the debtor will be able to make all payments under the plan and can show the

        ability to comply with the plan. The Plan does not meet the feasibility requirement.

(e) Section 1325(a)(3) of the Bankruptcy Code requires chapter 13 plans to be "proposed in good faith and not by any means prevented by law." Section 1325(a)(7) requires that "the action of the debtor in filing the petition was in good faith." This will be Debtor's third plan filed providing either improper or no treatment for Secured Creditor. Each prior Objection has put Debtor on notice of the debt which is the subject of this instant objection. However, Debtor has failed to provide treatment for this debt and continues to disregard their obligation to set forth a treatment. Therefore, Debtor's modified plan, if not confirmed, should be denied for Debtor's failure to act in good faith.

(f) Furthermore, Secured Creditor objects to Debtor's confirmation in that if the Debtor is post-petition delinquent at confirmation and Debtor's case is dismissed, then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor. Absent the release of such excess funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor has enjoyed the benefit of the automatic stay to the detriment of

    Secured Creditor. Absent such language in the Order of Confirmation.

3. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtor's plan and confirmation thereof.

 I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

            **FEIN, SUCH, KAHN & SHEPARD, P.C.**
            Attorneys for PNC Bank, National Association

            By:<u>/S/PETER A. LAWRENCE, ESQ.</u>
DATED: August 27, 2024

cc: SCOTT E. TANNE - DEBTOR(S)' ATTORNEY
   MARIE-ANN GREENBERG - TRUSTEE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| IN RE:<br><br>JOSE A. GALVAO<br><br>Debtor(s) | Case No.: 24-15533-RG<br>Honorable Rosemary Gambardella<br>Chapter: 13 |

## CERTIFICATE OF SERVICE OF
## OBJECTION TO CONFIRMATION OF PLAN

    I, the undersigned, hereby verify that on *August 28, 2024*, a true and correct copy of the Objection to Confirmation of Plan was electronically served upon the following using the Court's CM/ECF system:

Debtor's Attorney: SCOTT E. TANNE, ESQ.
Trustee: MARIE-ANN GREENBERG
OFFICE OF THE U.S. TRUSTEE

Further, I certify that, on *August 28, 2024*, a true and correct copy of the Objection to Confirmation of Plan was forwarded via U.S. Mail, first class postage prepaid and properly addressed, to the following at the address shown below:

***Debtor's Attorney:***

SCOTT E. TANNE
SCOTT E. TANNE, ESQ.
70 BLOOMFIELD AVE.
SUITE 203
PINE BROOK, NJ 07058

***U.S. TRUSTEE:***

U.S. TRUSTEE
US DEPT OF JUSTICE
OFFICE OF THE US TRUSTEE
ONE NEWARK CENTER STE 2100
NEWARK, NJ 07102

***Debtor(s):***

JOSE A. GALVAO
15 RIDGE LANE
BLAIRSTOWN, NJ 07825

By:<u>*/s/Ruth Essington*</u>
Paralegal
PNC BANK, NATIONAL ASSOCIATION
FEIN, SUCH, KAHN & SHEPARD, P.C.
6 CAMPUS DRIVE, SUITE 304
PARSIPPANY, NEW JERSEY 07054
973-538-4700